UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA CITY DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                           Case No. 3:15cv514/MCR/CJK

SAM J. PEARSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant, proceeding *pro se*, has filed a notice of removal of a criminal case from the First Judicial Circuit Court for Escambia County, Florida: *State v. Pearson*, Case No. 2015-CF-004170.[1] (Doc. 1, pp. 2, 4). Under 28 U.S.C. § 1443, a criminal prosecution may be removed from a state court to a federal district court when the state action is

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

---

[1] Defendant filed a similar notice of removal in Northern District of Florida Case No. 3:15cv577/MCR/CJK.

> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the grounds that it would be inconsistent with such law.

*Id.* "Removal jurisdiction raises unique federalism concerns; thus, a district court must construe removal statutes strictly and doubts concerning jurisdiction should be resolved in favor of remand to state court." *Fla. v. Walker*, No. 6:15-cv-555-Orl-18KR, 2015 WL 4509667, at *2 (M.D. Fla. July 24, 2015) (*citing Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).

As set forth above, "[u]nder 28 U.S.C. § 1443, criminal defendants are entitled to remove their state prosecutions to federal court in extremely limited circumstances." *Id.* (internal marks omitted). "In order to properly remove a state court action to federal court under § 1443, 'the petitioner must show that the right upon which the petitioner relies arises under a federal law "providing for specific civil rights stated in terms of racial equality."'" *Id.* (*quoting Ala. v. Conley*, 245 F.3d 1292, 1294 (11th Cir. 2001) (*quoting Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966)). The phrase "any law providing for . . . equal civil rights" does not "include rights of 'general application available to all persons or citizens.'" *Conley*, 245 F.3d at 1295 (*quoting Rachel*, 384 U.S. at 792). In addition, "the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (*citing Rachel*, 384 U.S. at 794).

"Also, a criminal defendant seeking removal must file a notice 'signed pursuant to Rule 11 of the Federal Rules of Civil Procedure [ ] containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.'" *Walker*, 2015 WL 4509667, at *2 (*quoting* 28 U.S.C. § 1455(a)).  "Unless the district court finds that good cause has been shown for untimely filing, the notice must be filed 'not later than 30 days after the arraignment [of the defendant] in the State court, or at any time before trial, whichever is earlier. . . .'"  *Id.* (*quoting* 28 U.S.C. § 1455(b)(1)).  Pursuant to 28 U.S.C. § 1455(b)(4), the court is to "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).

Defendant has not complied with § 1455(a) because he did not provide the court with "a short and plain statement of the grounds for removal" or "a copy of all process, pleadings, and orders served upon" him in the criminal action.  He likewise has not complied with the procedural requirements set forth in § 1455(b)(1) because he did not allege, much less establish, that his notice was timely filed or demonstrate good cause for an untimely notice.  Because it plainly appears from the face of defendant's notice that the matter was not properly removed, and that attempted

removal is patently frivolous, the case should be remanded.[2]

Accordingly, it is respectfully RECOMMENDED:

1.  That defendant's criminal case, Escambia County Circuit Court Case No. 2015-CF-004170, be REMANDED to the state court from which it was removed.

2.  That the clerk be directed to terminate all pending motions and close the file.

At Pensacola, Florida this 20th day of January, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  See U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[2] The undersigned also notes that defendant has failed to pay the filing fee or file a proper motion to proceed *in forma pauperis* despite the undersigned's instruction that he do so or face dismissal of the action.  *See* doc. 4.  In addition, defendant failed to timely respond to an order to show cause why the matter should not be dismissed based on his failure in that regard.  *See* doc. 11.

Case No. 3:15cv514/MCR/CJK